IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>    Plaintiffs,<br><br>  vs.<br><br>RICHARD HERMANNS, HERMANNS FAMILY HOLDINGS CORPORATION, NANETTE F. WISE, KATHLEEN R. DODD, NEW WEST INVESTMENTS, LLC D/B/A KELLER WILLIAMS REALTY NORTHWEST MONTANA and DOES 1 through 20,<br>          Defendants.<br>_____<br>RICHARD HERMANNS and HERMANNS FAMILY HOLDINGS CORPORATION,<br><br>    Counterclaim Plaintiffs,<br><br>  vs.<br><br>DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>Counterclaim Defendants. | CV 22–133–M–DLC<br><br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto entered Findings and Recommendation in this matter on April 18, 2024.  (Doc. 66.)  For the reasons herein, the Court adopts Judge DeSoto's findings and recommendation in full.

1

Because no parties objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge DeSoto found that Defendants and Counterclaim Plaintiffs—Richard Hermanns and Hermanns Family Holdings Corporation (collectively, "Hermanns") are entitled to summary judgment as to Plaintiffs Daniel and Christy Silbermanns' claims against Hermanns, as set forth in Counts I through VI of the First Amended Complaint (Doc. 15), as well as Hermanns' counterclaims for conversion and breach of contract, Counts II and IV, respectively. (Doc. 66 at 10–12, 15.) Judge DeSoto recommends that Hermanns' remaining counterclaims—Counts I and III—should proceed to trial. (*Id.* at 30.) Judge DeSoto also found that "[b]ecause Exhibit 1 is central to [the Court's] concerns" regarding "the accusation that local counsel for [the] Silbermanns has committed fraud upon this Court," "striking Exhibit 1 from the record would be improper." (*Id.* at 15.) As such, Judge DeSoto recommends that the Silbermanns' Motion to Strike Exhibit 1 be denied. (*Id.* at 30.) Finally, Judge DeSoto found that Defendants Nanette F. Wise, Kathleen R.

Dodd, and New West Investments ("Realtors") were entitled to summary judgment as to all of the Silbermanns' claims against them, as set forth in Counts VII through XIV of the Amended Complaint. (*Id.* at 18–29.)  Reviewing for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 66) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Hermanns' Motion for Partial Summary Judgment (Doc. 34) is GRANTED.  Hermanns are granted summary judgment as to Counts I through VI of the Amended Complaint and Counterclaim Counts II and IV.  The parties will proceed to trial on Hermanns' Counterclaim Counts I and III and the issue of damages.

IT IS FURTHER ORDERED that the Silbermanns' Motion to Withdraw Exhibit in Opposition to Hermanns' Motion for Partial Summary Judgment and Confession of Hermanns' Motion for Partial Summary Judgment (Doc. 64) is GRANTED in part and DENIED in part.  The Silbermans' Motion is GRANTED as to the Silbermanns' liability for Hermanns' counterclaims but Exhibit 1 will remain in the record.

IT IS FURTHER ORDERED that Realtors' Motion for Summary Judgment (Doc. 37) is GRANTED.  Realtors shall be awarded reasonable attorney fees.

IT IS FURTHER ORDERED that the Silbermanns and Hermanns shall notify the Court by May 16, 2024, if they wish to be referred to a United States Magistrate Judge for the purposes of a settlement conference, or if they wish to waive their right to a jury trial and proceed to a bench trial.  The Court's previous scheduling order (Doc. 33) otherwise remains in full force and effect.

DATED this 9th day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court