IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>          Plaintiffs,<br>   vs.<br><br>RICHARD HERMANNS and HERMANNS FAMILY HOLDINGS CORPORATION,<br>          Defendants. | CV 22–133–M–DLC<br><br><br>ORDER |
| RICHARD HERMANNS and HERMANNS FAMILY HOLDINGS CORPORATION,<br><br>          Counterclaim Plaintiffs,<br><br>   vs.<br><br>DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>          Counterclaim Defendants. | |

Before the Court is Plaintiffs and Counterclaim Defendants Daniel and Christy Silbermanns' motion to exclude untimely disclosed damages.  (Doc. 82.) Through the motion, the Silbermanns argue that Defendants and Counterclaim Plaintiffs Richard Hermanns and Hermanns Family Holdings Corporations' May 10, 2024, supplemental responses regarding damages were untimely and should

therefore be excluded at trial.  (Doc. 83 at 1.)  For the reasons herein, the Court

denies the motion.

**BACKGROUND**[1]

On August 1, 2023—thirty days before the close of discovery—the

Silbermanns served their first discovery requests on Hermanns.  (Doc. 90-1 at 3.)

Included in the discovery requests was the following:

> **INTERROGATORY NO. 5 [mis-numbered]:**
> With respect to your claim for damages, please provide the following
> information:
>     (a)    Itemize and summarize all of your damages allegedly
> suffered as a result of the incident or incidents that are the subject of
> your Counterclaim.
>     (b)    Itemize and summarize any and all other losses, expenses
> or damages incurred by you as a result of Silbermanns' alleged
> actions or inactions.

(Doc. 83 at 4.)  The parties agreed, as memorialized in an August 17, 2023

email, that Hermanns would respond to the discovery requests following the

deposition of Daniel Silbermann.  (Docs. 90 at 7, 90-1 at 3.)

On January 12, 2024, Daniel Silbermann was deposed.  (Doc. 90-1 at

3.)  On January 23, 2024, Hermanns responded to the Silbermanns'

Interrogatory with the following:

> Hermanns is entitled to compensatory and consequential damages
> caused by Silbermanns' breach of contract, failure to disclose defects
> and adverse conditions relating to the Property, and conversion of

---

[1] For a more detailed background see United States Magistrate Judge Kathleen L. DeSoto's April 19, 2024, Findings and Recommendation (Doc. 66).

fixtures and other property owned by Hermanns. Hermanns is also entitled to damages for storage and labor costs incurred for removing and storing Silbermanns' personal property pursuant to Mont. Code Ann. § 70-33-430. Hermanns is also entitled to punitive damages based on Silbermanns' fraudulent and malicious conduct and attorney fees pursuant to the Amendment to the Buy-Sell Agreement.

(Doc. 83 at 5.)  On April 8, 2024, counsel for Hermanns sent an email regarding a potential settlement to counsel for the Silbermanns, setting forth Silbermanns' total liability as greater than $550,000, which was based on replacing fixtures and repairing systems.  (Doc. 90-1 at 3.)  Counsel for Hermanns explained that the "the bulk of those repairs" related to four categories of damages: (1) replacement/refurbishment of the water system that powered the micro-hydro system; (2) replacement of the biomass heater; (3) repair/refurbishment of two wells; and (4) moving and storage of the Silbermanns' personal property.  (Doc. 90 at 8.)

On May 10, 2024, Hermanns provided the Silbermanns with supplemental discovery responses.  (Doc. 83 at 9.)  The supplemental response included a bid created on July 15, 2023, by Wildcat Homes LLC in the amount of $144,500 for construction (Doc. 83-1 at 2); a bid created on April 22, 2024, by Jamie Fifield and Keeler Creek Construction LLC in the amount of $289,308 to construct a new water system (*id.* at 3–9); and a bid created on March 22, 2024, by Backwoods Solar for $23,375 (*id.* at 1).

On May 20, 2024, the Silbermanns filed the instant motion.  (Doc. 82.)

## DISCUSSION

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a party to provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

"In the ordinary case, violations of Fed. R. Civ. P. 26 may warrant evidence preclusion."  *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).  But, as the parties are well aware, this case has been anything but ordinary.

The Silbermanns claim that Hermanns failed to comply with both Fed R. Civ. P. 26 and Interrogatory No. 5 in a timely fashion.  (Doc. 83 at 5.)  The Silbermanns urge the Court to "foreclose Hermanns from claiming actual damages on any of his claims" because "Hermanns has not shown good cause or excusable neglect for failing to comply with the disclosure requirements of Rule 26(a)(1)(A)(iii)" nor "shown the Court that the lateness of his disclosures was harmless."  (*Id.*)  According to the Silbermanns, they have suffered obvious prejudice: the "Silbermanns had no opportunity to prepare

4

meaningfully to confront each of the damages figures in time to evaluate, prior to the discovery cutoff, the exposure presented by Hermanns' counterclaims and to conduct further discovery in response to what was just recently disclosed." (*Id.* at 5–6.)

In response, Hermanns argues that "[e]ven if Hermanns violated Rule 26, the timing of Hermanns' damages disclosure is harmless and the Silbermanns cannot show they were prejudiced in any way." (Doc. 90 at 12.) Hermanns further argues that the timing of the supplemental discovery response was justified "because the Silbermanns' entire case is premised on fraud on the Court and because the Silbermanns never properly responded to discovery." (*Id.* at 14.)

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The party facing [such a sanction] bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails*, 673 F.3d at 1246. But when a "sanction amount[s] to dismissal of a claim, [a court is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith." *Id.* at 1247.

The Court does not find willfulness, fault, or bad faith in Hermanns' late disclosure; rather, the categories of damages provided by Hermanns to the Silbermanns in January 2024 and again in April 2024 was sufficient to put the Silbermanns on notice. While Hermanns could have developed the damages portion of his case earlier in the litigation, neither party has moved expeditiously during the pendency of this case. The original discovery response and the April 8, 2024, email provided the framework of Hermanns expected damages, none of which should have come as a surprise to the Siblermanns. As such, the Court finds that the requested sanction is inappropriate; Hermanns will be permitted to introduce evidence on damages at trial. However, notwithstanding the Court's previous orders, the Silbermanns will be permitted to conduct discovery on Hermanns' damages, to be completed on or before June 19, 2024.

Accordingly, IT IS ORDERED that the motion (Doc. 82) is DENIED. Hermanns may present evidence on damages at trial.

IT IS FURTHER ORDERED that the Silbermanns may conduct discovery, if they wish to do so, regarding Hermanns' damages, to be completed on or before June 19, 2024.

DATED this 30th day of May, 2024.

Dana L. Christensen, District Judge
United States District Court

6