UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL SILBERMANN and CHRISTY SILBERMANN, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> RICHARD HERMANNS, HERMANNS FAMILY HOLDINGS CORPORATION, NANETTE F. WISE, KATHLEEN R. DODD, NEW WEST INVESTMENTS LLC D/B/A KELLER WILLIAMS REALTY NORTHWEST, and JOHN DOES 1 THROUGH 20, <br><br> *Defendants.* <br><br> *** <br> RICHARD HERMANNS and HERMANNS FAMILY HOLDINGS CORPORATION, <br><br> *Counterclaim Plaintiffs,* <br><br> *v.* <br><br> DANIEL SILBERMANN and CHRISTY SILBERMANN, <br><br> *Counterclaim Defendants*. | **FINAL PRETRIAL ORDER** |

Pursuant to Federal Rule of Civil Procedure, L.R. 16.4, and the Court's

Scheduling Order (Doc. 33) as modified by Order dated May 13, 2024 (Doc. 70),

the parties submit the following Final Pretrial Order to govern the course of trial in

this matter:

## I.      Nature of Action.

This case arises from a dispute over a real estate transaction between

Plaintiffs Daniel and Christy Silbermann and Defendants/Counterclaim Plaintiffs

Richard Hermanns and the Hermanns Family Holdings Corporation ("Hermanns")

over real and personal property in Troy, Montana.

The transaction closed in April 2022, transferring the real property,

improvements, and certain personal property specifically identified in a written

Addendum to the Real Estate Purchase Agreement ("Addendum") to Hermanns.

The Addendum provided that all personal property not specifically purchased

remained the property of Silbermanns, including "personalty" listed in "Exhibit 1."

This Exhibit 1, however, was not attached to the Addendum, nor was it ever

provided to Hermanns at any time prior to closing. The Addendum also contained

a provision permitting Silbermanns to remain as tenants on the property for 60

days after closing for the sole purpose of removing property not purchased by

Hermanns.

After closing, the Silbermanns made multiple trips to the property to remove

the property not purchased by Hermanns, though the parties dispute the number

and timing of those trips. In addition to removing some of their personal property,

the Silbermanns also removed certain fixtures. and Hermanns contends

Silbermanns also removed other property owned by Hermanns. In May of 2022,

one of the tenants on the property refused Silbermanns access to the main lodge on

the property, and even assaulted him. The Silbermanns returned to the property on

a disputed number of occasions within the 60-day period. On Silbermanns final

trip, however, law enforcement was called on a report that the Silbermanns were

"stealing" gates. Soon thereafter, the Silbermanns left the property and never

returned.

Although the parties' attorneys continued in communications on this issue,

Silbermanns contend they should be allowed to present evidence that it was not

until March 2023 they became aware Hermanns placed their property in an off-site

storage. The parties have recently agreed in principle that upon reimbursement to

Hermanns for fees he incurred in cataloging, moving and storing the Silbermanns'

personal property, the property may either be collected by Silbermanns upon

reasonable notice, or the Silbermanns may take over the storage contract and

recover their personal property when they are ready to do so.

At the outset of this case, the Silbermanns' claimed that Hermanns interfered

with the removal of the Silbermanns' personal property. The Silbermanns alleged

the following claims against Hermanns: (1) breach of addendum; (2) statutory

breach of tenancy; (3) conversion; (4) declaratory judgment as to Silbermanns'

personal property; (5) unjust enrichment; and (6) attorney fees and costs.

Hermanns counterclaimed for fraud/constructive fraud, conversion, breach of

contract, and declaratory judgment.[1] Hermanns moved for partial summary

judgment on each of the Silbermanns' claims and on his counterclaims for

conversion and breach of contract. Ultimately, the Silbermanns moved to

"confess" to the relief requested in Hermanns' motion for partial summary

judgment.

The Court thereafter granted summary judgment to Hermanns on each of the

Silbermanns' claims, which this Court has now dismissed in granting Hermanns'

motion for partial summary judgment. The Court has also ruled that the

Silbermanns are liable to Hermanns for breach of contract and conversion.

The issues remaining for trial are: (1) whether the Silbermanns are liable to

Hermanns for his fraud/constructive fraud counterclaims; (2) Hermanns' damages

for breach of contract, conversion, and potentially fraud/constructive fraud; and (3)

Hermanns' request for punitive damages.

Issues to be determined post-trial include the award of attorney fees to the

prevailing party attorney fees under the terms of the Addendum.

Hermanns also contends that additional issues will need to be determined

---

[1] The Silbermanns also alleged contract, tort, and consumer fraud claims against their Realtors, Defendants Nanette F. Wise, Kathleen M. Dodd, and New West Investments. Those claims have been dismissed.

post-trial, including whether the Silbermanns and/or their attorneys should be sanctioned for committing fraud upon the Court; whether Silbermanns and their attorneys needlessly multiplied these proceedings and, if so, whether sanctions are warranted. The Silbermanns contend that they were unaware of, and did not authorize, the after-the-fact creation of the Exhibit "1" spreadsheet, which they first learned was not part of the transaction on May 4, 2024, and that for this reason, any sanctions should not be entered against them. They further contend that any sanctions should be entered only against Clif Hayden, Esq. As to Mr. Hayden's liability for sanctions, the Silbermanns take no position.

## II.   Jurisdiction and Venue.

This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court therefore has original jurisdiction under 28 U.S.C. § 1332.

The property at issue in the case is situated in Lincoln County, Montana. Venue is therefore proper in the Missoula Division pursuant to 28 U.S.C. § 1391 and L.R. 1.2(c)(5) and 3.2.

## III.  Nonjury.

A bench trial is scheduled to begin June 20, 2024.

## IV.  Agreed Facts.

The following facts are agreed upon and require no proof:

1.      This case arises from a dispute over the purchase of real property located at 1021 Swanson Lodge Road in Troy, Montana.

2.      The property, known as the Swanson Lodge, is located on approximately 100 acres and includes a main lodge and several cabins.

3.      In 2021, the Silbermanns listed the property for sale for $3.78 million.

4.      The MLS listing described the property as "self-sufficient," because it had a micro-hydroelectric system and "solar systems with agreements to sell back excess energy."

5.      In February 2022, Hermanns made and the Silbermanns accepted a full-price offer on the property.

6.      Following execution of the Buy-Sell Agreement, the parties engaged in protracted negotiations over specific terms of the sale. Those negotiations largely related to the personal property and included certain fixtures that were permanently attached to the property.

7.      The parties ultimately executed an Addendum to the Buy-Sell Agreement, which speaks for itself.

8.      The transaction closed on April 22, 2022.

9.      The Addendum references "Exhibit "1."" but "Exhibit 1" was not attached to the Addendum at the time the Addendum was signed and it was not provided to Hermanns prior to closing.

10.     The Addendum contained a provision permitting Silbermanns to remain as tenants on the Property for 60 days after closing for the sole purpose of removing, auctioning, or otherwise transferring or disposing of the personal property. Under the Addendum, the Silbermanns agreed to remove their personal property from the lodge within 30 days. The Silbermanns agree that they should reimburse Mr. Hermanns for the cost of storing their personal property, and are in agreement with Mr. Hermanns that they should either take over the storage lease or remove their property shortly after the trial of this matter.

11.     After closing, the parties dispute how many separate trips the Silbermanns made from their home in Texas to remove their personal property. On one of those trips, one of Silbermanns' holdover tenants refused the Silbermanns access to the lodge. At some point that day, there was a physical altercation between Daniel Silbermann and the tenant. The tenant hit Silbermann and knocked him unconscious. Law enforcement was called on a report that the Silbermanns were "stealing" gates. The police did not tell the Silbermanns to leave the property, but the Silbermanns claim they felt threatened by the police and were scared, so they left the property the next day and never returned.

12.     When Hermanns took possession of the property, he learned that the Silbermanns had removed certain fixtures including two sets of solar panels and

associated electrical infrastructure, three hydro generators, a well pump and piping from an existing well, and a biomass burner.

## V.      Elements of Liability on Hermanns' claims.

The Court granted Hermanns' motion for partial summary judgment, dismissing Silbermanns' claims against Hermanns.

With respect to Hermanns' counterclaims, the Court ruled that the Silbermanns are liable for breach of contract and conversion. Hermanns' request for declaratory judgment is dismissed.

Thus, the remaining issues for trial are: (1) Hermanns' counterclaim for fraud/constructive fraud and any associated damages; (2) Hermanns' damages for Silbermanns' adjudicated breach of contract and conversion; and (3) Hermanns' request for punitive damages.

### A.      Fraud.

A party commits actual fraud by, among other things, making a promise without any intention of performing it or by committing any other act fitted to deceive. A claim for fraud consists of the following nine elements: (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the

truth of the representation; (8) the hearer's right to rely upon the representation;

and (9) the hearer's consequent and proximate injury or damages caused by their

reliance on the representation. *McCulley v. U.S. Bank of Montana*, 347 P.3d 247,

256 (Mont. 2015).

- Hermanns allegations include the following:

  a) The Silbermanns and their agents made numerous representations
  about the property, including that many aspects of the property,
  such as the potable water system and the micro-hydro system, were
  in good working order.

  b) Many of those representations were false, and they were material
  to Hermanns' decision to purchase the property. The Silbermanns
  were aware of and had knowledge of the falsity of their
  representations, or they were ignorant of the truth of those
  representations.

  c) They had recently been involved in at least three other lawsuits
  involving similar issues, where they alleged the seller of the same
  property had misrepresented material facts about the property to
  them.

  d) Because the Silbermanns had recently dealt with the same issues
  related to their own purchase of the property, the Silbermanns were

aware of the materiality of their representations.

e) Hermanns was unaware of the falsity of the Silbermanns' representations.

f) Hermanns relied on the Silbermanns' representations, had a right to rely on those representations, and reasonably believed they were true.

g) As a result, Hermanns has been damaged.

h) In addition, Hermanns alleges that the Silbermanns and their agents made numerous representations that the Addendum's so-called "Exhibit '1'" had merged into the parties' final agreement to attempt to justify the Silbermanns' now-admitted removal of valuable fixtures from the property. However, this Exhibit 1 was fabricated after the transaction closed, and Hermanns therefore alleges the Silbermanns committed fraud.

## B.    Constructive Fraud

Constructive fraud consists of "any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault by misleading another person to that person's prejudice." Mont. Code Ann. § 28–2–406(1). Constructive fraud requires proof of the same elements of actual fraud, except the fifth element of intent. The existence of a legal duty is a question of law for the Court's

determination. *Drescher v. Malee*, 519 P.3d 17, 23 (Mont. 2022).

- Hermanns allegations include the following:

    a) The Silbermanns and their agents had a duty to disclose adverse material facts concerning the property.

    b) The Silbermanns breached their duty by failing to disclose defects and adverse conditions relating to the property, including a flooded basement, issues with the lodge roof, siding, and logs, significant rodent and pest problems, and undisclosed insurance claims that may not have been used to repair the damage that resulted in those claims.

    c) The Silbermanns also represented, among other things, that the potable water system and the micro-hydro system, were in good working order.

    d) At a minimum, the Silbermanns misled or withheld material facts concerning the condition of the property.

    e) Hermanns relied on the Silbermanns' representations, had a right to rely on those representations, and reasonably believed they were true.

    f) As a result, Hermanns has been damaged.

    g) In addition, the Exhibit 1, which the Silbermanns have relied on

throughout this litigation, is a fabricated exhibit that was created

after the closing of the transaction at issue in this case. The

Silbermanns many representations concerning this Exhibit 1 were

plainly false.

### C.    Breach of Contract.

The Court ruled that the Silbermanns are liable for breach of contract.

Damages for breach of contract are "the amount which will compensate the party

aggrieved for all the detriment which was proximately caused thereby or in the

ordinary course of things would be likely to result therefrom." Mont. Code. Ann.

§ 27–1–311.

### D.    Conversion

The Court ruled that the Silbermanns are liable for conversion. Damages for

a conversion claim include: (a) "the value of the property at the time of conversion

with interest from that time or, when the action has been prosecuted with

reasonable diligence, the highest market value of the property at any time between

the conversion and the verdict without interest, at the option of the injured party;"

(b) "fair compensation for the time and money properly expended in pursuit of the

property." Mont. Code Ann. § 27–1–320(1).

### E.    Attorney Fees

The Addendum provides, in relevant part, that its terms "shall survive

closing and be expressly enforceable by either party," and further provides that in

the event either party failed to perform, the other would be entitled to attorney fees

"reasonably incurred at any time" by the other. The prevailing party is therefore

entitled to their reasonable attorney fees incurred in this action. The amount of

fees, however, should be determined by the Court after trial. Fed. R. Civ. P.

54(d)(2).

### F.    Punitive Damages.

Punitive damages may be awarded when the defendant has been found guilty

of actual fraud or actual malice. Actual fraud exists when (1) a defendant "makes a

representation with knowledge of its falsity" or "conceals a material fact with the

purpose of depriving the plaintiff of property or legal rights or otherwise causing

injury"; (2) a "plaintiff has a right to rely on the representation of [a] defendant";

(3) a plaintiff relies on the representation; and (4) the plaintiff's reliance causes the

plaintiff injury. Mont. Code Ann. § 27–1–221(3), (4).

Actual malice exists when a defendant knows of or "intentionally disregards

facts that create a high probability of injury to the plaintiff" and deliberately acts

either "in conscious or intentional disregard of" or "with indifference to the high

probability of injury to the plaintiff." Mont. Code Ann. § 27–1–221(2).

- Hermanns allegations include the following:

    a) The Silbermanns and their agents made numerous representations
       that the potable water system and the micro-hydro system were in

good working order.

b)  Those representations were either false at the time they were made,

or the Silbermanns maliciously tampered with the water systems

after closing.

c)  The Silbermanns also failed to disclose defects and adverse

conditions relating to the property, including a flooded basement,

issues with the lodge roof, siding, and logs, significant rodent and

pest problems, and undisclosed insurance claims.

## VI.   Defense Elements.

1.      Silbermanns admit that Dan Silbermann removed certain specific

fixtures from the real property in question based upon advice from their attorney

Clifford Hayden, Esq. that they were entitled to do so under the terms of the

Amendment.

2.      The Silbermanns deny that either of them caused any additional harm

to the roof system or the micro-hydro system, and affirmatively assert that damage

to those systems other than the removal of fixtures, if there was any, was the result

of lack of necessary maintenance or the actions of others after Silbermanns left the

property.

3.      The Silbermanns do not know specifically how Hermanns' claimed

damages are allocated with respect to particular fixture replacements, but believe

that the figures recently itemized by Hermanns are grossly excessive and unreasonable. Pursuant to this Court's Order (Dkt. 91), the Silbermanns have propounded one set of written discovery requests regarding Hermanns' damages.

4.    The Silbermanns assert that the damages itemized for the first time by Hermanns on May 10, 2024, should be excluded as untimely, and will file a motion in that regard by May 17, 2024.

5.    Silbermanns do not concede that Hermanns is or will be the prevailing party in this action, which goes to the issue of attorney fee awards.  The outcome of this case will determine whether Hermanns or Silbermanns are entitled to attorney fees.  Silbermanns' trial brief provides legal authority.

## VII.   Relief Sought.

Hermanns seeks compensatory and consequential damages, punitive damages, and attorney fees for the Silbermanns' breach of contract, conversion of property owned by Hermanns, and fraud/constructive fraud for failure to disclose defects and adverse conditions relating to the property, including the following:

   a) Approximately $11,725 for storage and labor costs incurred for removing and storing Silbermanns' personal property, which costs continue to accrue on a daily basis;

   b) Approximately $390,000 to repair/replace the micro-hydro system, the existing wells on the property, and numerous other fixtures removed by the Silbermanns;

   c) Approximately $169,500 to repair and replace damaged logs in the Lodge building and to complete preventative maintenance and repairs that Silbermann failed to disclose, even though he was well aware of it.

d) Approximately $200,000 incurred in attorney fees to date, which will continue to increase as the case proceeds to trial; and

e) Punitive damages in an amount to be determined at trial.

## VIII.  Legal Issues.

The parties identify the following issues of law remaining to be litigated at trial:

- Any issues identified in the above "Elements of Liability" that are more properly construed as issues of law.

- Evidentiary issues that may arise before or during trial.

- The Silbermanns anticipate that the Court will be asked to determine the legal effect in the instant action of the advice Silbermanns received from their attorney, Clif Hayden, Esq., before removing fixtures from the property, Dan Silbermann was mis-advised by his counsel, Clif Hayden, Esq., that the Amendment to the buy-sell agreement authorized the removal of those fixtures,  Silbermanns did not know until March 4, 2024, that Mr. Hayden created Exhibit 1 several weeks after the Amendment was executed by the parties. Plaintiffs plan to provide the Court with legal authority relating to this issue in their Trial Brief, which will be filed by May 17, 2024.

- Hermanns' position is that this is not the proper forum for the Silbermanns to litigate their malpractice claim against their attorneys and

that the Silbermanns are responsible for the actions of their attorney, and

have addressed those issues more fully in their trial brief. Hermanns

further contends that Brett Godfrey should be prohibited from trying this

case without local counsel, in violation of the Local Rules.

- Silbermanns agree that their malpractice claims against Mr. Hayden will

   be litigated, not in the instant action, but in a separate case; however, they

   assert that Mr. Hayden's conduct was an intervening cause of damages

   for which they should not be liable.

- The Silbermanns contend that the Buy-Sell Agreement and the

   Amendment constitute the final, integrated agreement of the parties and

   that under Montana law, their pre-closing representations are superseded

   by the contract and the closing agreed upon by the parties.

- Any additional legal issues raised in advance of trial.

## IX.   Dismissals.

Hermanns' request for declaratory judgment set forth in Count III of

Hermanns' Counterclaim is dismissed.

Plaintiffs' claims against Hermanns have been dismissed following

plaintiffs' confession of Hermanns' Motion for Partial Summary Judgment, which

was approved by this Court. (*See* Docs. 66, 69.)

**X.     Use of Discovery Documents.**

The parties reserve the right to introduce all depositions, answers to

interrogatories, responses to requests for admission, and responses to production of

documents for impeachment or rebuttal that have been completed, to the extent

they are admissible under the Federal Rules of Evidence and Civil Procedure.

**XI.    Estimate of Trial Time.**

The parties estimate that the trial will require two days.

**XII.  Witnesses.**

Attached to this proposed final pretrial order are the following witness lists:

1)     Hermanns' Will-Call Witness List;

2)     Hermanns' May-Call Witness List;

3)     Silbermanns' Will-Call Witness List;

4)     Silbermanns' May-Call Witness List.

**XIII. Exhibits.**

Attached to this proposed final pretrial order are the following exhibit lists:

1)     Hermanns' Will-Offer Exhibit List;

2)     Hermanns' May-Offer Exhibit List;

3)     Silbermanns' Will-Offer Exhibit List;

4)     Silbermanns' May-Offer Exhibit List.

Objections not disclosed on the Exhibit Lists, other than objections under

Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by

the Court for good cause.

June 6, 2024.

Dana L. Christensen, District Judge
United States District Court

| GODFREY LAW<br>Attorneys for Silbermanns | PARSONS BEHLE & LATIMER<br>Attorneys for Hermanns |
|---|---|
| /s/ Brett Godfrey<br>Brett Godfrey | /s/ Jesse Kodadek<br>Jesse Kodadek |