IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>      Plaintiffs,<br>   vs.<br><br>RICHARD HERMANNS, HERMANNS FAMILY HOLDINGS CORPORATION, NANETTE F. WISE, KATHLEEN R. DODD, NEW WEST INVESTMENTS, LLC D/B/A KELLER WILLIAMS REALTY NORTHWEST MONTANA and DOES 1 through 20,<br>      Defendants.<br>_____<br>RICHARD HERMANNS and HERMANNS FAMILY HOLDINGS CORPORATION,<br><br>      Counterclaim Plaintiffs,<br><br>   vs.<br><br>DANIEL SILBERMANN and CHRISTY SILBERMANN,<br><br>Counterclaim Defendants. | CV 22–133–M–DLC<br><br><br>ORDER |

Before the Court is Realtor Defendants' motion for attorneys' fees and costs. (Doc. 88.) Realtor Defendants seek $40,733.05 in attorneys' fees and $1,614.82 in costs after having successfully defended this action brought by Plaintiffs Daniel

1

and Christy Silbermann. (*Id.* at 2.) In support of their motion, counsel for Realtor Defendants have provided an accounting of the hours spent, the associated rate for those hours, and a description of the activity those hours were dedicated to. (Doc. 89 at 4.) Plaintiffs did not respond to the motion, and as such, the Court presumes that the motion is well-taken. *See* L.R. 7.1(d)(B)(ii).

## BACKGROUND

On May 9, 2024, the Court adopted United States Magistrate Judge Kathleen L. DeSoto's findings and recommendations (Doc. 66) and granted summary judgment in favor of Realtor Defendants. (Doc. 69.) The Court further ordered that Realtor Defendants be awarded reasonable attorney fees pursuant to the parties' contract. (*Id.* at 3.) On May 23, 2024, Realtor Defendants filed the present motion. (Doc. 88.) The motion is now ripe.

## DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure requires that a "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). A motion for fees must:

(i) be filed no later than 14 days after the entry of judgment;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

2

Fed. R. Civ. P. 54(d)(2)(B).  The motion filed by Realtor Defendants satisfies these requirements.

## I.     Lodestar Calculation

Because Realtor Defendants are the prevailing party, the Court must next determine what amount of attorneys' fees is reasonable.  The Court begins by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate" to determine the lodestar.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The fee applicant must first carry his burden to submit evidence in support of his request.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  The fee opponent then bears the burden of rebuttal and may submit evidence to show the requested fee is not reasonable.  *Id.* at 1397–98.  No party has opposed the application of fees in this matter.

### A. Hours Charged

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  The Court has reviewed the declaration submitted by attorney Kimberly S. More (Doc. 87) and finds the time billed for this matter was spent reasonably.

### B. *Hourly Rate*

In determining a reasonable hourly rate, the Court should consider the prevailing rate in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). Having reviewed the rates of the attorneys and paralegals identified in Realtor Defendants' brief, the Court finds that the hourly rates are reasonable considering the factors outlined above.

## II. Costs

Realtor Defendants also seek recovery of costs and expenses associated with defending this matter. (Doc. 89 at 4.) Realtor Defendants present that they are entitled to $1,614 in costs. (Docs. 88 at 2, 89 at 4.) However, having reviewed the Bill of Costs (Doc. 86) and Cost Invoices (Doc. 87-3), the Court finds that Realtor Defendants are entitled to $1,459.05 in costs.

## CONCLUSION

Based on the foregoing, and the fact that the motion is unopposed, the Court concludes that a total award of $40,733.05 in attorneys' fees and $1,459.05 in costs is appropriate in this matter.

Accordingly, IT IS ORDERED that the motion (Doc. 88) is GRANTED IN PART. Realtor Defendants are entitled to $40,733.05 in attorneys' fees and $1,459.05 in costs, for a total award of $42,192.10.

DATED this 6th day of August, 2024.

                                                                   Dana L. Christensen, District Judge
                                                                   United States District Court